IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Eastern Division
CIVIL ACTION NO. 404CV168H2



ADAM L. PERKINS, )
)
Plaintiff, )
) PLAINTIFF's SUPPLEMENTAL BRIEF
vs. ) IN SUPPORT OF PLAINTIFF'S
) MOTION FOR
TOWN OF PRINCEVILLE ) SUMMARY JUDGMENT
AND THE PRINCEVILLE POLICE )
DEPARTMENT )
)
)
Defendants )

Now comes the Plaintiff, Adam L. Perkins, in response to the Court's January 30, 2006 Order, and respectfully answers as follows:

Plaintiff respectfully shows the Court that Defendants *voluntarily* initiated contact with the Plaintiff in November 2001 by calling the Plaintiff in to be interviewed just as they did in September 2001 for the job of police officer. During Defendant's Deposition in 2003 Defendants witness Chief Gary Foxx testified that he told the Plaintiff that he would be rehired as a police officer when another position became available. (*See* Foxx 2003 Deposition Page 66 Lines 23-25 & Page 67 Lines 1-2) Although the Defendants were not obligated under current law to rehire the Plaintiff, the Defendants apparently were making an effort to follow through with the promise they had made to the Plaintiff at the time he was laid off. (*Almond v. ABB Indus. Sys.*, Inc., 56 Fed. Appx. 672, 678 (6th *Cir.* 2003) …holding that employers are not obligated to recall laid off employees for positions available). Plaintiff was unaware that the police officer position was available until the Defendants called him for an interview.

1

On November 8, 2001, Plaintiff received a phone call from Defendant's witness Chief Gary Foxx to come in for an interview for another opening for the job of police officer. (*See* Foxx 2003 Deposition Page 134 Lines 17-24) This was the second time Plaintiff was voluntarily called by the Defendants to come in for an interview. Plaintiff continued to provide police coverage for the Town of Princeville following the interview. In the confidential files (*accompanying Plaintiff's initial Motion for Summary Judgment*) the Court will find a resignation letter of the officer that was leaving in November 2001. That officer's resignation prompted the November 2001 interview.

In 2003, Defendant's witness Chief Gary Foxx provided testimony under oath that the Plaintiff was called in for the November 2001 interview. (*See* Foxx 2003 Deposition Page 134 Lines 17-24) Additionally, Defendants testified that the Plaintiff was interviewed on two occasions and stated they found Plaintiff to be a good candidate for the position of police officer for the Town of Princeville. (*See* Foxx 2003 Deposition Pages 54 Lines 15-20 & Page 91 Lines 19-24).

The Defendants have been untruthful throughout this entire matter and have consistently changed their story as it relates to the Plaintiff's interviews and why he was not rehired. While under oath in 2003, Defendant's witness Chief Gary Foxx testified that he initiated contact with the Plaintiff in September 2001 and November 2001 for the job of police officer. (*See* Foxx 2003 Deposition Page 54 Lines 12-20 & Page 134 Lines 17-24). In 2005, after initiation of litigation by the Plaintiff, the Defendants submitted Interrogatories under oath in which they stated that they *never* initiated contact with the Plaintiff for either interview. (*See* Defendant's Answers to Plaintiff's First Set of Interrogatories #'s 1-3, 5, 7-8, 10-11, 21, 28) Although Defendants were in possession of the prior 2003 Deposition of witness Chief Gary Foxx and should have known what their witness testified to in the 2003 Deposition; they willfully submitted false Answers to Plaintiff's First Set of Interrogatories.

In nine separate Interrogatories, Defendants specifically denied calling the Plaintiff for the second interview in November 2001. (*See* Defendants' Answers To Plaintiff's First Set Of Interrogatories 2005 #'s 1-3, 5, 7-8, 10-11, and 21) In another instance, Defendants also submitted false Answers to Plaintiff's Interrogatories by stating that they never called the Plaintiff for the job of police officer in September 2001. (*See* Defendant's Answers to Plaintiff's First Set of Interrogatories, Interrogatory #28 Page 21). In both instances, the Defendants had possession of the 2003 Deposition of their witness Chief Gary Foxx which clearly indicated that the Defendants had called the Plaintiff in for an interview in September and November 2001 and they failed to amend their answers and *intentionally concealed* the fact from this Court in violation of FRCP 26. Case law requires a party to supplement Answers when they are no longer true. *Fortino v. Quasar Co.*, 950 F.2d 389, 398 (7th *Cir.* 1991)... (noting that Fed. R. Civ. P. 26 requires a party to supplement an interrogatory answer when it is no longer true and failure to amend is in substance a knowing concealment).

Defendants knew that the Answers provided to the Plaintiff's Interrogatories under oath in 2005 contradicted prior sworn testimony in 2003 and should have provided the Plaintiff and this Court with supplemental Answers to the Interrogatories. They purposefully did not supplement their Answers to the Interrogatories in an effort to conceal the truth regarding the interviews with the Plaintiff.

Both times the Defendant's witness testified in 2003 and 2005 the testimony was given under oath. A comparison of these two Depositions of Chief Gary Foxx clearly indicates inconsistent and conflicting testimony. The Defendants have submitted numerous untruthful and inconsistent versions of their reasons for failing to rehire the Plaintiff including, but not limited to, testifying that he was never contacted for an interview. *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629-30 (7th *Cir.* 1996)...holding that when a company's plausible

3
Case 4:04-cv-00168-H   Document 59   Filed 02/21/06   Page 3 of 7

explanation differed from response to an interrogatory, the jury could conclude that the "justification had been concocted in preparation for trial to fit the available facts").

Defendants are not entitled to Summary Judgment because they have been untruthful, provided inconsistent and contradictory testimony and have failed to amend their Answers to Interrogatories when they knew or reasonably should have known that the Answers given to the Interrogatories were untrue. *Perdomo v. Browner,* 67 F.3d 140, 145 (7th Cir.1995)...*holding that* "Because a fact-finder may infer intentional discrimination from an employer's untruthfulness, evidence that calls truthfulness into question precludes a Summary Judgment." "Answers to interrogatories are evidence." *Emmel v. Coca-Cola Bottling Co. of Chicago,* 95 F.3d 627, 629-30 (7th Cir. 1996).

In addition, the Defendants testified under oath that it was normal procedure of the town to have every applicant fill out an application, including those who formerly worked for the town. (*See* Foxx 2005 Deposition Page 50 Lines 7-10). Yet, in both instances, Plaintiff was not required to fill out a new application. The Defendants have testified under oath that the Plaintiff filled out an application in September 2001. (*See* Foxx 2003 Deposition Page 23-24 Lines 25 & Lines 1-5 & Foxx 2005 Deposition Page 12 Lines 7-18 & Page 50 Lines 1-13) Yet, the Defendants have not provided the Plaintiff or this Court a copy of the application that they submit the Plaintiff filled out. However, they were able to produce the application of the officer hired in September 2001.

If in fact it was required that an application be filled out each time, then Defendants did not follow their normal standard employment procedure in interviewing the Plaintiff for the job of police officer for the Town of Princeville in November 2001 or September 2001. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1328 (10th Cir. 1999)); *Mohammed v. Callaway,* F.2d 395, 401 (10th Cir. 1983)...(holding that "serious procedural irregularities" can support an allegation of pretext). *Giacoletto v. Amax Zinc Co., Inc.,*

4

954 F.2d 424, 427 (7th *Cir.* 1992)...holding that "...an employer's failure to follow its own internal employment procedures can constitute evidence of pretext." Inconsistencies and deviations from normal procedure are "sufficient to raise a genuine doubt about defendant's motivation . . . ." *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1200 (10th *Cir.* 2000).

*AMTRAK v. Morgan*, 536 U.S. 101, 114-15, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.") *Hicks*, 509 U.S. at 511 (footnote omitted). A [P]laintiff can show pretext by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence . . . ." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th *Cir.* 1997) (quotation omitted); see also *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1242 (10th *Cir.* 2002).

Defendants are arguing undue hardship because they expect the Court to rule in the same manner as the Court did in the Edgecombe County case without any regards to the facts. Defendants presume that the truth does not matter even if it means lying under oath to obtain the desired result. The Defendants presume that this Court is not concerned about truthful statements because the dockets are already full. Defendants presume that this Court is only concerned with big law firms and Plaintiffs not represented by counsel are not preferred.

Plaintiff believes that this Court is a Court of equity and a Court of justice. That this Court deserves and is entitled to know the truth as it relates to the Plaintiff becoming rehired with the Defendants. That Plaintiff has suffered the loss of a law enforcement career at the hands of the Defendants and that the Defendants have acted with malice and reckless indifference to the

federally protected rights of the Plaintiff. That this Court is the last avenue by which Plaintiff hopes to obtain justice.

Wherefore, the Plaintiff prays the Court that in the interest of justice and truth to find that the Defendants interviewed the Plaintiff a second time and that this was an interview initiated by the Defendants and *not* a meeting. That this second interview has been supported by the evidence of sworn testimony from the Defendants. That Defendant's have purposefully and without lawful excuse misrepresented the facts of this case under oath on numerous occasions and have failed to supplement Answers to Interrogatories as required under Fed. R. CIV. P. 26 when they knew or reasonably should have known that the Answers given were false.

Wherefore the Plaintiff prays the Court for an Order of Summary Judgment against the Defendants and in favor of the Plaintiff and for such other further relief as the Court deems just and proper.

Respectfully submitted this 20th day of February 2006.

ADAM L. PERKINS
*Pro se Plaintiff*

P.O. Box 687
Timberlake, North Carolina 27583
(336) 322-5756

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached *Plaintiff's Supplemental Brief in Support of Plaintiff's Motion For Summary Judgment:*

Depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

Alicia Levy, Attorney for Defendants
Cranfill, Sumner & Hartzog, L.L.P.
Attorneys At Law
P.O. Box 27808
Raleigh, N.C. 27611-7808

This is the 20th day of February, 2006.

_____
Adam L. Perkins
*Pro se*